UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARCIA COPELAND,
    *Plaintiff*,

v.

US BANK CUST PC5 STERLING NATIONAL, et al.,
    *Defendants*.

No. 3:19cv1156 (MPS)

# ORDER

Plaintiff Marcia Copeland, M.D., proceeding *pro se*, commenced this action against various defendants asserting claims concerning the sale of her property in a tax lien sale in New Jersey. (ECF No. 1.) In August 2019, the plaintiff filed an Amended Complaint which named additional defendants. (ECF No. 14.) According her leniency in light of her *pro se* status, the Court permitted the plaintiff an opportunity to amend because it was "not clear which defendants are accused of what causes of action or when particular conduct occurred." (ECF No. 44.) Thereafter, the plaintiff filed multiple amended complaints. *See* ECF Nos. 48, 49, 50. In April 2020, the plaintiff filed a fifth amended complaint. (ECF No. 58.) The named defendants include Kay & Jay Realty LLC of New Jersey; the City of Camden, New Jersey; Township of Ballmawr; New Jersey Attorney General; New Jersey attorneys Susan Purvin and Melissa Crotty; Judge Famular; Sheriff "Whip" Wilson of Camden County; New Jersey; fig NJ18 LLC; and District Judge Hillman. The allegations extend to claims about other New Jersey properties the plaintiff owns that are involved in litigation and tax liens. For the reasons set forth below, the Court finds that venue is improper and transfers this case under 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey.

**I.     Discussion**

Venue in federal courts is governed by 28 U.S.C. § 1391(b), which states

A civil action may be brought in --
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The plaintiff's choice of venue is puzzling.  The Court has carefully reviewed the plaintiff's filings.  None of the plaintiff's submissions indicate any discernible connection to Connecticut.  The plaintiff is a New Jersey resident, the properties at issue are all located in New Jersey, most of the defendants are in New Jersey, and the events at issue occurred in New Jersey.  Because fewer than all of the defendants reside in the District of Connecticut, no "substantial part" of the alleged events occurred in Connecticut, and because this action should have been properly brought in another district, the District of Connecticut is an improper venue for this action.

When venue is improper in the district court in which the plaintiff has filed the action, the court must either transfer it, if the court determines that it is in the interest of justice to do so or dismiss the action without prejudice.  28 U.S.C. § 1406(a).  Section 1406(a) of Title 28 of the United States Code provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas*, No. 3:19CV1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019)(quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).  Transfer should be the usual remedy for

improper venue. *See* 17 MOORE'S FEDERAL PRACTICE ¶ 111.34 (3d ed. 2020)("[o]rdinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating."). "When a plaintiff's choice of venue is improper, a district court may sua sponte transfer the case . . . ." *Ventricelli v. Nicklin*, No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020). *See MRP, LLC v. Barr & Barr, Inc.*, No. 11 CIV. 0896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (where venue is improper, "courts may sua sponte transfer cases.")(citing cases). Because the alleged events took place in New Jersey, this case could have been brought there in the first instance. Accordingly, the Court orders that this case be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey.

**II.     Conclusion**

Accordingly, the Court orders that this case be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           May 26, 2020